**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; CAPITOL RECORDS, INC., a Delaware corporation; WARNER BROS. RECORDS INC., a Delaware corporation; and ARISTA RECORDS LLC, a Delaware limited liability company, | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 2:04cv479 PS |
| v. | ) ) | |
| CHRISTINA DAVITO, | ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

The matter is before the Court is Plaintiffs Motion for Default Judgment filed on April 7, 2005. [Doc. 10]. Plaintiffs allege that Defendant Christina Davito used an online media distribution system to obtain copyrighted sound recordings owned by the Plaintiffs and/or to distribute those recordings to other users of the system. Because Davito has failed to respond to the Complaint, Plaintiffs' Motion for Default Judgment is **GRANTED.**

**I. BACKGROUND**

The Plaintiffs in this action, various recording companies, are the copyright owners or licensees of rights under the Copyright act of various recordings including:

1. "Old Time Rock & Roll" by Bob Segar

2. "Cowboy Take Me Away" by The Dixie Chicks

3. "Fragile" by Sting

      4. "Take My Breath Away" by Berlin

      5. "Good Riddance (Time of Your Life)" by Green Day

      6. "Wheel of Fortune" by Ace of Base

      7. "Santa Monica" by Everclear; and

      8. "Most Girls" by Pink.

(Complaint Ex. A). Plaintiffs allege that Davito downloaded these recordings an on-line media distribution system and has made them available to the public in violation of the Plaintiffs' exclusive rights under the Copyright Act. (Complaint at ¶ 13).

Plaintiffs filed their complaint on November 18, 2004 and Davito was served on December 8, 2004. [Doc. 6]. Despite two letters of warning from Plaintiffs' counsel, Davito failed to respond to the Complaint. (Plf. Mot. at Exs. 4, 5). The Clerk entered default on March 2, 2005 and the Plaintiffs moved for default judgment on April 7, 2005.

In response to the Court's inquiry and order, Plaintiffs filed proof of Davito's age on June 13, 2005. [Doc. 12]. This proof consists of Davito's properly redacted Illinois driving record showing her year of birth as 1981. Accordingly, Davito is not an infant.

## II. DISCUSSION

Federal Rule of Civil Procedure 55(b) gives the Court the power to enter default judgment in this situation. It provides:

> In all other cases the party entitled to judgment by default shall apply to the court therefore; but no judgment by default shall be entered against an infant or incompetent person . . . .

Fed. R. Civ. P. 55(b). However, the Court must exercise sound judicial discretion in entering default. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). A court may look to a number of factors when deciding a Motion for Default Judgment. These factors

include the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are at issue, whether the default is largely technical, whether plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established.  10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil 3d* § 2685 (1998).

     Here, the grounds for default are clearly established.  First, the default goes beyond a mere technicality, as Davito has not filed an answer or any responsive pleadings since the complaint against her was filed on November 18, 2004.  Plaintiffs went so far as to send two warning letters prior to applying for default and, still, Davito did not respond.   The defendant cannot be allowed to completely ignore this suit.  *In re Pyramid Energy, Ltd. v. Heyl & Patterson, Inc.*, 869 F.2d 1058, 1062 (7th Cir. 1989) ("A trial court is entitled to say, under proper circumstances, that enough is enough.") .

     Further, few material issues of facts are in dispute in here.   In order for the Plaintiffs to establish the prima facie case of direct copyright infringement, they must satisfy two requirements: (1) they must show ownership of the allegedly infringed material; and (2) they must demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders.  17 U.S.C. §§ 106, 501(a).  Here, the Plaintiffs have pled that they owned the copyrighted materials specified in Exhibit A and that Davito violated their exclusive rights to reproduce and distribute the copyrighted recordings to the public by downloading and distributing the copyrighted recordings via an online media distribution system.  Therefore, the facts as stated in the Complaint establish direct copyright infringement by the Defendant.

     Finally, the Plaintiffs are entitled to the damages which they request.  Plaintiffs request minimum statutory damages for each copyright violation as well as a permanent injunction

barring Davito from further infringing activity.  They also request an award of attorneys fees and costs.  These requests are both proper and reasonable.

The Copyright Act provides for both monetary and injunctive relief.  First, it provides that "an infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or (2) statutory damages, as provided by subsection (c)." *Id*. at § 504(a).  Under § 504(c), the copyright owner may choose to recover statutory damages in lieu of actual damages any time prior to the entry of final judgment.  Statutory damages are described as follows:

> statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just. For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.

*Id*. at § 504 (c) .  Second, § 502 authorizes the court to grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."  *Id*. at § 502.  Finally, the Court has discretion to award costs and fees to the prevailing party.  *Id*. at § 505.

Plaintiffs request the minimum statutory damages for infringement in this case.   The minimum statutory damage is calculated per work.  Thus, $750 x 8 works = $6,000.00.  Awards of statutory damages "between the minimum and maximum statutory limits for copyright infringement damages is wholly within the trial court's discretion and sense of justice." *Weintraub/OKUN Music v. Atlantic Fish & Chips, Inc.*, 1991 WL 34712 at *5 (N.D. Ill. March 13, 1991) (internal quotations omitted).  Although we note that the actual damage to Plaintiffs by one individual downloading eight songs via online media distribution is likely minimal, default

judgment does establish that Plaintiffs are entitled to damages as a matter of law. *Doehrer v. Caldwell*, 1980 WL 1158 at * 2 (N.D. Ill. 1980). Accordingly, we find an award of $6,000.00 representing the minimum statutory damage for each work infringed to be appropriate.

In addition, Plaintiffs request a permanent injunction barring Davito from reproducing or distributing any of the Plaintiffs' copyrighted works as well as requiring Davito to destroy any works that she has already reproduced or distributed via on-line media systems. Specifically, the Plaintiffs request the following:

> Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e. download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

(Pl. Mot. at 8).

Although courts in the Seventh Circuit have yet to address the propriety of a permanent injunction in cases where an individual unlawfully downloads copyrighted musical works, courts in other circuits have approved such injunctions. For example, in *Elektra Entertainment Group, Inc. v. Bryant*, 2004 WL 783123 (C.D. Cal. 2004), Elekra brought suit against the Defendant alleging copyright infringement relating to Bryant's use of an online media distribution system to make copyrighted recordings available to the public. The court in that case approved the exact same injunction sought here finding that "damages cannot begin to adequately compensate

Plaintiffs for the harm caused." *Id*. at *7. Further, the Court noted that the "Defendant's means of infringement – an online media distribution system with tens of millions of potential users – has left Plaintiffs' sound recordings vulnerable to massive, repeated, near-instantaneous, and worldwide infringement." *Id*. With these considerations in mind, we, too, find that the requested permanent injunction is proper.

Finally, Plaintiffs request an award of attorneys fees and costs as allowed under § 505. The assessment of fees and costs under this section "is as much to penalize the losing party as to compensate the prevailing party" and "is a matter within the Court's discretion." *Weintraub*, 1991 WL 34713 at *5. In this case, not only did Davito download eight of Plaintiffs' works in clear violation of their rights, she also completely failed to respond in any way to either of Plaintiffs' warning letters or this lawsuit. Further, Plaintiffs request of $177.00 in total costs is quite reasonable. Accordingly, we find that Plaintiffs are entitled to $177.00 in total costs.

### III. CONCLUSION

In the end, in weighing these competing factors, we **GRANT** Plaintiffs' motion for default judgment [Doc. 10] and orders the following:

1. The minimum statutory damages of $6,000.00 for the eight infringements alleged in the Complaint pursuant to the Section 504 of the Copyright Act ($750 for each infringement);

2. Permanent injunction as follows:

    The defendant shall be enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the copyrighted sound recordings as shown in Exhibit A to Plaintiffs' Complaint, and in any other sound recording, whether now in existence or later created, that

is owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.  Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control; and

3. Attorneys fees pursuant to the Section 505 of the Copyright Act in the amount of $ 177.00.

The Clerk is directed to enter **FINAL JUDGMENT** stating that the Plaintiffs are entitled to the relief stated herein.  The Clerk is further directed to treat this matter as **TERMINATED**.

**SO ORDERED.**

ENTERED: June 17, 2005

 s/ Philip P. Simon
PHILLIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT